IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS F. LAPINSKI | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 00-173 |
| | : | |
| BOARD OF EDUCATION of the | : | |
|    BRANDYWINE SCHOOL DISTRICT et al. | : | |

**MEMORANDUM**[1]

**Juan R. Sánchez, J.**                                                                September 11, 2008

     Nine individual Defendants – a former Brandywine School District Superintendent, an Assistant Superintendent, and seven School Board members – ask this Court for summary judgment based on qualified immunity to a former principal's claim he was fired in retaliation for exercising his First Amendment right to comment on matters of public interest. Because I find the Defendants' right to qualified immunity depends on facts for the jury to decide, I have denied their motion.

**FACTS**[2]

     Thomas F. Lapinski was principal of Mount Pleasant High School in the School District from July, 1991 to April, 2000. When Lapinski was principal, Joseph P. DeJohn, Ed.D., was Superintendent of the School District and Donald Fantine Jr. was Assistant Superintendent. The seven defendant School Board members are Ralph Ackerman, Paul Hart, Robert Blew, Nancy Doorey, G. Lawrence Pelkey, Jr., the Rev. G. Harold Thompson and Raymond Tomasetti Jr.

---

[1] This Memorandum Opinion fulfills this Court's obligation under *Vadino v. A. Valey Engineers*, 903 F.2d 253, 259 (3d Cir. 1990), to provide "an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order."

[2] When considering a motion for summary judgment, I must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997).

In April 2000 the School District did not renew Lapinski's contract as Mount Pleasant's principal. Rather than return to teaching, Lapinski retired. Lapinski alleges his contract was not renewed in retaliation for 10 instances of public criticism he leveled against School District practices:

- After Lapinski alleged the other two district high schools were not properly depositing gate receipts from football games into state accounts, in December 1995 the School Board accepted DeJohn's recommendation Lapinski's contract be renewed for one year rather than the usual two years.

- In July, 1996, following the School Board's dissolution of the administrators' salary schedule, Lapinski protested to DeJohn and filed suit again the School Board for breach of contract.

- Lapinski protested the lack of custodial help assigned to Mount Pleasant. Shortly thereafter, Lapinski was subjected to a special evaluation

- In 1997, Lapinski believes his evaluation was down-graded for speaking publicly about the need for programs for chronic truants and about housing patterns which made the Mount Pleasant population unstable.

- In 1997 and 1998, Lapinski criticized the District's allocation of vocational funds which Lapinski believed unlawfully short-changed Mount Pleasant.

- Again in 1997, Lapinski was named as a witness in favor of an applicant who complained to the state Labor Board about the School District's discriminatory hiring practices.

- In 1998 Lapinski complained about unfair recruiting of athletes by the other high schools in the School District.

- Lapinski's name appeared on the witness list of a teacher alleging civil rights violations.

- Lapinski complained publicly about a School Board member who was reimbursed for a conference he never attended. The board member was prosecuted.

- In late 1999, Lapinski alleged two administrators were running a catering business out of an elementary school kitchen.

After Lapinski retired, he filed suit in federal court alleging retaliation for exercising his First Amendment right to speak about issues of public concern.[3] The district court granted summary judgment in favor of all the Defendants on grounds there was no adverse employment action because Lapinski could have returned to teaching. The Third Circuit Court of Appeals reversed, holding demotion is sufficiently adverse to sustain a retaliation claim. After remand, the individual Defendants again filed a motion for summary judgment on grounds of qualified immunity which I have denied.

**DISCUSSION**

Defendants may appeal a denial of qualified immunity before trial to preserve the protections it confers. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Monteiro v. City of Elizabeth*, 436 F.3d 397, 400 (3d Cir. 2006) (citing *Saucier*, 533 U.S. at 200-01). Qualified immunity shields government officials from civil liability as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

First, I must consider whether the School Board and administrators' conduct violated a constitutional right. *Saucier* at 201. Then I consider whether the right was clearly established. *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).

Lapinski alleges the School Board's adverse employment actions – a one-year contract, a special evaluation, a non-standard salary computation, and demotion – were retaliation for his

---

[3]His original lawsuit alleged six other counts, all of which Lapinski has withdrawn.

exercise of his First Amendment right to free speech. When an employee speaks as a citizen addressing a matter of public concern, the First Amendment requires a delicate balancing of the competing interests surrounding the speech and its consequences. *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968) (holding a teacher's speech on school funding is protected). When, however, the employee is simply performing his or her job duties, a similar degree of scrutiny is not warranted. *Reilly v. City of Atlantic City*, 532 F.3d 216, 226 (3d Cir. 2008) (holding truthful testimony in court constituted citizen speech).

To decide whether speech by a public employee warrants constitutional protection, the court must engage in a three-step analysis. *Id.* at 228  First, the court determines whether the public employee spoke as a citizen or an employee. *Garcetti v. Ceballos*, 547 U.S. 410, 423 (2006). Second, the court determines whether, in light of the content, form and context of the entire record, the speech touched on matters of public concern. *Connick v. Myers*, 461 U.S. 138, 146 (1983). A public employee's speech addresses a matter of public concern when it relates to an issue of "political, social, or other concern to the community." *Connick*, 461 U.S. at 146.  Third, the value of the employee's speech must outweigh "the government's interest in the effective and efficient fulfillment of its responsibilities to the public." *Id.* at 150.  The "more tightly the First Amendment embraces the speech the more vigorous a showing of disruption must be made." *Hyland v. Wonder*, 972 F.2d 1129-139 (9th Cir.1992).  "Speech involving government impropriety occupies the highest rung of First Amendment protection." *Swineford v. Snyder County Pa.*, 15 F.3d 1258, 1274 (3d Cir. 1994).

When the "balancing factors weigh heavily in favor of the employee, the law is clearly established, and qualified immunity is therefore unavailable." *McGreevy v. Stroup*, 413 F.3d 359,

4

366 (3d Cir. 2005) (collecting cases and interior citations omitted) (denying qualified immunity to school officials). When qualified immunity depends on disputed issues of fact, those issues must be determined by the jury. *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding qualified immunity may turn on disputed issues of fact); *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir.1995) (holding "[w]hile the qualified immunity defense is frequently determined by courts as a matter of law, a jury should decide disputed factual issues relevant to that determination").

When we consider at Lapinski's recited claims of protected speech, some are identifiable as made in the course of his employment and others are beyond the scope of his employment and of concern to the community. Claims which appear to relate to Lapinski's employment as a principal include protesting the allocation of custodians and vocational training dollars to Mount Pleasant. Lapinski's complaints about depositing gate receipts and the revocation of the administrators' salary schedule fall into a grey area as both personal to him as an employee but also implicating the use of public money. Other instances of speech implicate matters of obvious public concern: identifying housing patterns and truancy rates, recruiting athletes, civil rights violations, and reporting theft of taxpayer dollars through reimbursement or use of facilities.

Having decided Lapinski had a First Amendment right to speak on at least some of the issues, I turn next to test whether the right is clearly established. As a general matter, a right is "clearly established" when the contours of the right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202.

A citizen's right to speak freely is the most basic of our freedoms. If the School Board retaliated against Lapinski for exercising that right, "they can fairly be said to have been on notice of the impropriety of their actions." *Trotman v. Bd. of Tr.*, 635 F.2d 216 (3d Cir.1980) (reversing

dismissal and holding faculty member's criticism of university president constituted core speech).

Denying the Defendants' qualified immunity is not the end of the case. To prevail Lapinski must show his protected speech was a substantial or motivating factor in the alleged retaliatory action. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Moore v. City of Philadelphia*, 461 F.3d 331, 341-42 (3d Cir. 2006).

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez      J.